```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

BRANDON JONES,                 )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  13 C 2446
                               )
SEIU LOCAL 1, et al.,          )
                               )
          Defendants.          )
```

## MEMORANDUM ORDER

Brandon Jones ("Jones") has just submitted a self-prepared Complaint for Violation of Constitutional Rights[1] in which he seeks to sue both SEIU Local 1 ("Union") and his ex-employer RJB Properties ("RJB") on the grounds that he has stated in Complaint ¶10. Jones has accompanied the Complaint with photocopies of two EEOC Charges of Discrimination (one against Union and the other against RJB) and an In Forma Pauperis Application ("Application"). This memorandum order is issued sua sponte because of the highly problematic nature of Jones' filings.

To begin with, neither Union nor RJB is a "state actor" amenable to suit under 42 U.S.C. §§1983, 1985 or 1986, so that the Complaint plainly states no claim in those terms. And as for the Charges of Discrimination, Jones cannot bring suit on those grounds without the prior issuance of a right-to-sue letter by

---

[1] "Self-prepared" is employed here in the sense that Jones has employed the printed form provided by the Clerk's Office for use by pro se plaintiffs, filling in the appropriate blanks with his hand-printed entries.

EEOC.  Finally, as to the Application, our Court of Appeals requires that a plaintiff must show not only his or her inability to pay the $350 filing fee but also the existence of a legally nonfrivolous claim (see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000)), and Jones has failed to meet the latter requirement for the reasons already stated here.

Accordingly Jones' Complaint must be dismissed, and this Court so orders.  Although that disposition might perhaps enable Jones to rustle up $350 and thus proceed with this litigation, his Application clearly reveals he would find that extremely difficult (if not indeed impossible) to do--and moreover, even if he were able to manage that, it would be a total waste of hard-gotten funds under the circumstances.  Accordingly this action is dismissed as well.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 4, 2013

---

[2] Jones' accompanying Motion for Attorney Assistance is denied as moot.